UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERON KENNETH HOLSTON, | No. 2:13-cv-2600 DAD P |
| Plaintiff, | |
| v. | ORDER |
| MICHELLE SPINO, | |
| Defendant. | |

    Plaintiff is a former state prisoner, now on parole, who proceeds pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c), and Local Rule 305(a).  (See ECF No. 5.)

    On June 10, 2014, this court directed plaintiff to submit, within thirty days, a properly completed application to proceed in forma pauperis on the form provided, or pay the $400.00 filing fee, in order to commence this action.  (See ECF No. 11.)  Plaintiff was cautioned that failure to comply with the court's order would result in dismissal of this action.  The thirty-day period has now expired, and plaintiff has not filed an in forma pauperis affidavit, paid the filing fee, or otherwise responded to the court's order.

/////

/////

1

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed without prejudice.

2. The Clerk of Court is directed to close this case, and to indicate on the docket that plaintiff's motion for injunctive relief (ECF No. 9)[1] is denied as moot.

IT IS SO ORDERED.

Dated:  July 23, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
hols2600.fifp.

---

[1] Had plaintiff complied with the court's June 10, 2014 order, his motion for a temporary restraining order would also have been denied.  Pursuant to the motion, plaintiff seeks to compel his parole officer, defendant Michelle Spino, and any other parole agent, to refrain from enforcing the conditions of plaintiff's parole challenged by this action.  Even had the court found that the complaint states a cognizable claim against defendant Spino, it would not have found, at this juncture, that plaintiff was likely to prevail on the merits of his claim, viz., that his challenged parole conditions are invalid.  A district court will not issue preliminary injunctive relief under these circumstances.  "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008)).